IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02052-PAB-CBS

MARTIN W. WILLIAMS,

    Plaintiff,

v.

KEVIN MILYARD, Warden,
JOHN CHAPDELAINE, Asst. Warden,
MAJOR LLOYD WAIDE,
J. WATTS, Case Manager III,
MR. SINNOTT, Case Manager, and
MR. DEAL, Case Manager,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 28] filed on February 8, 2011. Magistrate Judge Craig B. Shaffer recommends that the Court grant defendants' motion to dismiss [Docket No. 19] and dismiss this case in its entirety. Plaintiff filed timely objections [Docket No. 30] to the Recommendation. The Court will "determine[s] de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3), and construes plaintiff's filings liberally in light of his pro se status. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

As the Recommendation recounts,

Mr. Williams is currently incarcerated at the Sterling Correctional Facility

> ("SCF") of the Colorado Department of Corrections ("CDOC") in Sterling, Colorado. Proceeding *pro se*, Mr. Williams brought this civil action pursuant to Title 42 U.S.C. § 1983. Mr. Williams alleges that on September 31 [sic], 2008 he was accused of sexual misconduct with his cell mate and charged and convicted with a Code of Penal Discipline ("COPD") violation for sexual abuse. Mr. Williams was sentenced to 20 days in punitive segregation and referred for an administrative segregation ("Ad Seg") hearing. At the conclusion of the Ad Seg hearing, Mr. Williams was placed in Ad Seg for 4 months. Mr. Williams alleges that Defendants "subjected me to sex discrimination" in violation of the [CDOC] Administrative Regulations . . . , and violated his rights to equal protection and to be free from cruel and unusual punishment. Mr. Williams also alleges deprivation of liberty and property in violation of his right to due process. As relief, Mr. Williams seeks compensatory and punitive damages and injunctive relief.

Docket No. 28 at 1-2 (citations omitted).

Magistrate Judge Shaffer concluded that plaintiff's allegations that he was subjected to "sex discrimination" when defendants failed to comply with CDOC Administrative Regulations fails to state a claim. As Magistrate Judge Shaffer correctly pointed out, to the extent Plaintiff attempts to equate a violation of the Administrative Regulations with a constitutional violation, his claim must fail. *See Sayed v. Profitt*, 415 F. App'x 946, 948 n.2 (10th Cir. 2011) ("A correctional facility's 'failure to adhere to administrative regulations does not equate to a constitutional violation.'") (quoting *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 3 (10th Cir. 1993)).

Plaintiff also alleges that defendants violated the Equal Protection Clause by treating him differently due to his sexual orientation. "When considering an Equal Protection claim, [the Court] will apply a rational basis test if 'the challenged government action does not implicate either a fundamental right or a protected class.'" *Martinez v. Davis*, 393 F. App'x 570, 572 (10th Cir. 2010) (quoting *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1110 (10th Cir. 2008)). Plaintiff asserts that "[h]omosexuals are

in a protected class." Docket No. 30 at 2. The Tenth Circuit, however, has "rejected the notion that homosexuality is a suspect classification." *See Price-Cornelison v. Brooks*, 524 F.3d 1103, 1113 n.9 (10th Cir. 2008). Moreover, plaintiff has not identified a fundamental right burdened by defendants' conduct. Therefore, to succeed on his equal protection claim, plaintiff must show that defendants "treat[ed] [him] differently than another who is similarly situated without a rational basis for the disparate treatment." *Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1031 (10th Cir. 2007) (quotation omitted).

As Magistrate Judge Shaffer noted, plaintiff has not plausibly alleged disparate treatment. Plaintiff does not allege any facts in support of his contention that SCF imposes "more severe punishment for violations involving homosexuality," *see* Docket No. 3 at 7, or for his speculation that other facilities address similar situations differently. *See id.* at 8. His speculation that such is the case is insufficient to support his claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Public Service Co. of Oklahoma v. A Plus, Inc.*, 2011 WL 3329181, at *9 (W.D. Okla. Aug. 2, 2011) ("Allegations based on mere suspicion or speculation are insufficient to satisfy the plausibility requirements of *Twombly*."). Moreover, plaintiff alleges that his punishment arose from a uniform policy regarding all sexual activity at SCF. *See* Docket No. 3 at 7 ("Warden Milyard has taken a zero tolerance stance toward *all* sexual activity in SCF.") (emphasis added). The prohibition against all sexual activity at SCF does not constitute more harsh treatment of homosexuals.

Plaintiff also objects to Magistrate Judge Schaffer's conclusion that the

3

complaint's Eighth Amendment claim should be dismissed. The Court concurs with the Recommendation that plaintiff has failed to allege deprivations of the "'minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Therefore, he has failed to allege facts in support of the objective component of his Eighth Amendment claim. *See Lewis v. McKinley County Bd. of County Comm'rs*, 2011 WL 2194013, at *3 (10th Cir. June 7, 2011) ("To establish an Eighth Amendment conditions-of-confinement claim, 'a plaintiff must satisfy two requirements, consisting of an objective and [a] subjective component.'") (citation omitted).

Plaintiff's fourth claim for relief alleges a violation of his due process rights. A state may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "A due process claim under the Fourteenth Amendment can only be maintained where there exists a constitutionally cognizable liberty or property interest with which the state has interfered." *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006). In the Recommendation, Magistrate Judge Shaffer found that plaintiff failed to allege facts showing that he suffered an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484 (1995), as is required to implicate a prisoner's liberty interest. The Court agrees. Regardless of whether plaintiff was placed in administrative segregation indefinitely, *compare* Docket No. 28 at 14 *with* Docket No. 30 at 3, plaintiff alleges that he was removed from segregation after four months. Plaintiff does not allege any other facts regarding the nature of his time in segregation.

4

Without more, he has not alleged facts demonstrating a dramatic departure from what would ordinarily be expected so as to implicate a protected liberty interest. *See Sandin*, 515 U.S. at 484-87; *Estate of DiMarco v. Wyoming Department of Corrections*, 473 F.3d 1334, 1342 (10th Cir. 2007); *cf. Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("The Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.").

Plaintiff also objects to the Recommendation on the grounds that he alleged a deprivation of a property interest without due process. *See Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010) (interpreting *Sandin v. Conner* as extending the "atypical and significant hardship" analysis to property interest due process claims). In regard to plaintiff's alleged deprivation of a property interest, Magistrate Judge Shaffer found that plaintiff "has not described the property allegedly withheld." Docket No. 28 at 15. The Court agrees. In his complaint, plaintiff alleges that, upon being placed in administrative segregation, he was "forced to forfeit nearly all of [his] accumulated property, some $1,000 in total," Docket No. 3 at 5, ¶ 6; *see* Docket No. 24 at 4,[1] but fails to describe the nature of that accumulated property. Such a generalized allegation does not provide the Court with a basis to conclude that the property forfeiture constituted "an atypical and significant hardship." *See Georgacarakos v. Wiley*, No.

---

[1]The Court construes this as alleging that plaintiff had to forfeit personal property with a combined value of $1,000, not that he was required to forfeit funds in his prison account. *Cf. Sandlin v. Garcia*, No. 10-cv-02560-CMA-KLM, 2011 WL 1336286, at *6 n.1 (D. Colo. March 10, 2011) (noting that "[a]t least one federal court of appeals has concluded, after *Sandin*, that 'inmates have a property interest in funds held in prison accounts,' and that they 'are entitled to due process with respect to any deprivation of money' from these accounts") (quoting *Burns v. PA Dep't of Corr.*, 544 F.3d 279, 286 (3d Cir. 2008) (internal quotation marks omitted), and citing *Clark*, 625 F.3d at 691 n.4).

5

07-cv-01712-MSK-MEH, 2011 WL 940803, at *9 (D. Colo. March 16, 2011) ("As cases like *Cosco* [*v. Uphoff*, 195 F.3d 1221 (10th Cir. 1999)] make clear, prison officials are granted broad discretion in deciding how much and what kinds of personal property inmates can possess, and in the absence of evidence that the [prison's] policies applicable to the Plaintiff are so extreme and parsimonious that they fall outside the scope of typical prison property rules, the inquiry ends there.").

Magistrate Judge Shaffer further recommends that plaintiff's claims be dismissed with prejudice "[t]o the extent that Mr. Williams seeks monetary damages from Defendants in their official capacities pursuant to § 1983." Docket No. 28 at 4-5. Plaintiff does not object to this aspect of the Recommendation. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the Recommendation to determine whether there is any "clear error on the face of the record."[2] *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. The Court agrees that the Eleventh Amendment bars plaintiff from seeking monetary damages against defendants in their official capacities. Eleventh Amendment sovereign immunity implicates the Court's jurisdiction.

---

[2]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

*See Starkey ex rel. A.B. v. Boulder County Soc. Servs.*, 569 F.3d 1244, 1260 (10th Cir. 2009). "In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice." *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004). Therefore, the Court will dismiss the claims for monetary sanctions against defendants in their official capacities without prejudice.

Finally, Magistrate Judge Shaffer recommends that plaintiff's claims against defendant J. Watts be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and D.C.COLO.LCivR 41.1. Plaintiff has not objected to this aspect of the Recommendation, and the Court identifies no "clear error on the face of the record." Therefore, plaintiff's claims against defendant Watts will be dismissed.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 28] is ACCEPTED in part and REJECTED in part. It is further

**ORDERED** that defendants' motion to dismiss [Docket No. 19] is GRANTED. It is further

**ORDERED** that plaintiff's claims against defendant Watts in both his official and individual capacities are DISMISSED pursuant to Federal Rule of Civil Procedure 4(m) and D.C.COLO.LCivR 41.1. It is further

**ORDERED** that plaintiff's claims against defendants Milyard, Chapdelaine, Waide, Sinnott, and Deal in their official capacities for monetary relief are DISMISSED without prejudice for lack of jurisdiction. It is further

**ORDERED** that the remaining aspects of plaintiff's complaint are DISMISSED for

failure to state a claim.

DATED September 14, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge